IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CURTIS LEE GRANT**                                                                           **PLAINTIFF**

**V.**                                                                **NO. 3:16CV00115-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                    **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held 3/22/17, the court finds the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. Most notably, in 2011 during a consultative examination, the claimant was warned by Dr. Jim Adams not to physically exert himself until after he had seen a doctor regarding his extremely high blood pressure, which was 230/120 and 205/110 that day. Furthermore, the record contains findings of consistently high blood pressure readings well into 2014; and, indeed, the ALJ concluded the claimant's hypertension was

severe and uncontrolled by medications.  Nevertheless, the ALJ found, among other things, the claimant could perform work at all levels of exertion.

The record in this case does not clearly establish what the claimant *can* do in the way of work related activities despite suffering from uncontrolled high blood pressure.  Indeed, the ALJ did not have the benefit of any medical provider's assessment of the claimant's functional capacity.  And, because the record does not lend itself to a commonsense judgment of the claimant's physical abilities, the court finds the ALJ failed to fully develop the record with regard to the claimant's hypertension.  *See, e.g.*, *Newsome v. Barnhart*, No. Civ.A.3:03-CV-3030-D, 2004 WL3312833, at *3-4 (N.D. Tex. Oct. 8, 2004).  This failure prejudiced the claimant, considering that additional evidence in the way of a physician's assessment of the claimant's functional capacity may have changed the result.

On remand, the ALJ shall either request a medical source statement ("MSS") from a treating physician of the claimant's–which MSS must include a function-by-function assessment of the claimant's RFC–or order another consultative examination of the claimant.  Any additional consultative exam shall include, but not be limited to, an assessment of the claimant's ability to perform work-related activities in light of his severe, uncontrolled hypertension.  The consultative examiner must be required to submit a function-by-function assessment of the claimant's RFC in light of all of his impairments.  The ALJ shall then reconsider the claimant's RFC based upon all the evidence in the record, and the ALJ's decision shall include a function-by-function assessment of the claimant's RFC.  The ALJ may conduct any additional proceedings that are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 23rd day of March, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE