# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CURTIS LEE GRANT**                                                           **PLAINTIFF**

**V.**                                                **NO. 3:16CV00115-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                          **DEFENDANT**

## ORDER ON PETITION FOR ATTORNEY'S FEES

Before the court is Plaintiff's petition [26] for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Judgment [24] dated March 23, 2017, this court remanded this case to the Commissioner for further proceedings. Plaintiff now seeks attorney's fees in the amount of $4,198.92 for twenty-two hours of attorney time before this court at a rate of $190.86 per hour under the EAJA on the grounds that he was the prevailing party and the Commissioner's position was not "substantially justified." The Commissioner, on the other hand, opposes any award of fees on the sole ground that her position was "substantially justified." As explained in more detail below, the court finds the Commissioner's arguments are to no avail and that Plaintiff is entitled to the award requested.

The Equal Access to Justice Act provides for the award of court costs and attorney's fees to the "prevailing party" in a judicial review of agency action, unless the position of the United States was "substantially justified" or "special circumstances" would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who wins a remand order in a social security disability case is a "prevailing party" under the EAJA. *Rice v. Astrue,* 609 F.3d 831, 833–34 (5th Cir. 2010); *Baker*

*v. Bowen,* 839 F.2d 1075, 1081 (5th Cir. 1988). Here, of course, there is no dispute that Plaintiff was the prevailing party. And, the Commissioner raises no special circumstances that would make an award of fees unjust. Accordingly, the court need only address the issue of whether the Commissioner's position was "substantially justified."

The Commissioner's main contention is her position was "substantially justified" because Plaintiff did not allege his hypertension was disabling in his original brief before the court but, instead, only argued the issue on supplemental briefing ordered by the court.

I believe it's helpful to consider the findings made by the court. As recited in the Final Judgment–in pertinent part–the court found:

> [T]he ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence in the record. Most notably, in 2011 during a consultative examination, the claimant was warned by Dr. Jim Adams not to physically exert himself until after he had seen a doctor regarding his extremely high blood pressure, which was 230/120 and 205/110 that day. Furthermore, the record contains findings of consistently high blood pressure readings well into 2014; and, indeed, the ALJ concluded the claimant's hypertension was severe and uncontrolled by medications. Nevertheless, the ALJ found, among other things, the claimant could perform work at all levels of exertion.
>
> The record in this case does not clearly establish what the claimant *can* do in the way of work related activities despite suffering from uncontrolled high blood pressure. Indeed, the ALJ did not have the benefit of any medical provider's assessment of the claimant's functional capacity. And, because the record does not lend itself to a commonsense judgment of the claimant's physical abilities, the court finds the ALJ failed to fully develop the record with regard to the claimant's hypertension. *See, e.g.*, *Newsome v. Barnhart*, No. Civ.A.3:03-CV-3030-D, 2004 WL3312833, at *3-4 (N.D. Tex. Oct. 8, 2004). This failure prejudiced the claimant, considering that additional evidence in the way of a physician's assessment of the claimant's functional capacity may have changed the result.

In order to be substantially justified, the Commissioner's position must have a reasonable basis in law and in fact. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Broussard v. Bowen*, 828 F.2d 310, 312 (5th Cir. 1987). The government has the burden of proving its position was

substantially justified at every stage of the proceedings. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986)). *See also Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995) (stating the government must show that it was substantially justified with respect to the issue on which the court based its remand). The ALJ's decision is part of the agency's position and must be substantially justified. *Cummings v. Sullivan*, 950 F.2d 492, 497 (7th Cir. 1991); *Herndon v. Comm'r of Soc. Sec.*, No. 3:08-CV-21-WAP-DAS, 2009 WL 3644892, at * 2 (N.D. Miss. Oct. 30, 2009). *Cf.* 28 U.S.C. § 2412(d)(1)(B) ("Whether or not the position of the United States was substantially justified shall be determined on the basis of the record[,]" which includes the administrative agency record on which the civil action is based.). *See also Russell v. National Mediation Board*, 775 F.2d 1284, 1285-88 (5th Cir. 1985) (holding that the phrase "position of the United States" in the EAJA encompasses the government's position during administrative proceedings and litigation). Therefore, the Commissioner's litigation position (alone) before the district court is not determinative of the outcome of the substantial justification inquiry. *See id.* at 1288. In this case, the Commissioner has failed to show substantial justification for both the ALJ's determination of the Plaintiff's RFC without the support of a doctor's opinion and it's arguments made before this court.

  First, while the court acknowledges Plaintiff did not focus on the specific impairment of hypertension in his initial brief, he did raise this issue in his disability application and raised the broader issue of lack of substantial evidence to support the ALJ's RFC determination in his original brief before this court. Moreover, in an effort to reach a just resolution in these non-adversarial proceedings, this court provided both the claimant and the Commissioner an

opportunity to fully brief the specific issue of the ALJ's RFC determination as it related to any failure of the ALJ to fully develop the record with regard to the claimant's uncontrolled hypertension.

Next, this court essentially determined this case to be one in which the ALJ "played doctor" in contravention of well-established law in this Circuit. As pointed out in the court's ruling, the record did not lend itself to a commonsense determination of the claimant's RFC as there was no medical assessment of the claimant's exertional limitations from a physician. *See, e.g.*, *Newsome v. Barnhart*, No. Civ.A. 3:03-CV-3030-D, 2004 WL3312833, at *3-4 (N.D. Tex. Oct. 8, 2004). Ultimately, the ALJ did not have sufficient information to determine the effect of the claimant's hypertension on his work-related abilities, and the claimant was prejudiced.

Finally, defendant's insistence upon arguing in her supplemental brief, at the reconvened hearing, and now in her response to Plaintiff's fee petition that the claimant's hypertension was *controlled* and that Plaintiff had white coat syndrome is perplexing especially in light of the fact that the ALJ expressly found the claimant's hypertension was his only severe impairment and *not fully controlled* by medication, and there is no definitive diagnosis of white coat syndrome in the claimant's medical records. Likewise, defendant's argument that the claimant did not regularly seek treatment for his hypertension is baffling because there was no reliance by the ALJ for his decision upon an alleged failure of the claimant to seek treatment. Indeed, the medical evidence in this record is replete with notations of the claimant's hypertension being followed by his treaters and his being prescribed and taking medication for it. Ultimately, the conclusion that Plaintiff's hypertension simply was not responding to the prescribed treatment was inescapable.

Because the Commissioner's position was not substantially justified, and she has provided no other basis for challenging Plaintiff's fee request, the Court finds the requested fee is reasonable and no special circumstance would make an award of the fees requested unjust.

**THEREFORE, IT IS ORDERED**:

That the Commissioner shall promptly pay to the claimant, for the benefit of his counsel, a total of $4,198.92.

This 15th day of June, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE